IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| GERRY VICTOR | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| AMANDA COOPERMAN | : | NO. 07-1363 |


M E M O R A N D U M   A N D   O R D E R

Plaintiff, a prisoner at the Curran-Fromhold Correctional Facility (C.F.C.F.), seeks to bring a civil action in forma pauperis,[1] without prepayment of fees or security therefor, asserting claims pursuant to 42 U.S.C. § 1983.  The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.

Under the Act, a prisoner bringing a civil action in forma pauperis must pay the full amount of the $350 filing fee. 28 U.S.C. § 1915(b)(1).  The prisoner must submit a certified copy of his prisoner account statement for the 6-month period immediately preceding the filing of his complaint so the Court can determine how the $350 filing fee will be paid.  28 U.S.C. § 1915(a)(2).  The prisoner must obtain this statement from the appropriate official of each prison at which he was or is

_____

1.  Suits brought in forma pauperis are governed by 28 U.S.C. § 1915.

1

confined.  Id.  The Court must then "assess [the prisoner's
financial status] and, when funds exist, collect, as a partial
payment of any court fees required by law, an initial partial
filing fee of 20 percent of the greater of-- (A) the average
monthly deposits to the prisoner's account; or (B) the average
monthly balance in the prisoner's account for the 6-month period
immediately preceding the filing of the complaint . . . ."

          Based upon the financial information in plaintiff's
prisoner account statement, an initial partial filing fee of
$26.02 is assessed.  The Warden or other appropriate official at
C.F.C.F., or at any prison at which plaintiff may be confined,
will be directed to deduct $26.02 from plaintiff's prisoner
account, when such funds become available, and forward that
amount to the Clerk of the United States District Court for the
Eastern District of Pennsylvania.  Thereafter, each time that the
balance in plaintiff's prison account exceeds $10, an amount no
greater than 20 percent of the money credited to plaintiff's
account during the preceding month will be deducted and forwarded
to the Clerk of Court until the filing fee is paid.


          Plaintiff may not have known when he brought this
action that he must pay the filing fee, and that even if the full
filing fee, or any part of it, has been paid, the Court must
dismiss the case if it finds that the action is: (1) frivolous or
malicious; (2) fails to state a claim upon which relief may be
granted; or (3) seeks monetary relief against a defendant who is

2

immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  If the Court dismisses the case for any of these reasons, the Act does not permit the prisoner to get his filing fee back.

We shall give plaintiff twenty (20) days from the date of this order to decide whether he wants to proceed with this case.  If by that time, plaintiff decides not to proceed with the case, he need not pay the $350 filing fee.

Accordingly, it is, this      day of              , 2007, hereby ORDERED that:

1.   The petition is DENIED WITHOUT PREJUDICE to its reassertion in accordance with the terms of this order;

2.   If plaintiff files with the Court within twenty (20) days from the date of this order a notice that he wishes to proceed with this action and thereby obligate himself to pay the $350 filing fee, this action will be reinstated; and

3.   The Clerk of Court shall CLOSE this case statistically.

**BY THE COURT:**

**/S/ BERLE M. SCHILLER, J.**

3